SANDY MOODY ET AL. *vs.* WILLIAM G. MOORMAN

*Equity Practice—Party in Default as to Taking of Testimony.*

The provision of Code, Art. 16, sec. 241, that the evidence taken in an equity case shall remain in Court for ten days before the cause is taken up for hearing, has no application to a case where a party has failed to comply with an order of Court directing him to take his testimony within a certain time, and when no testimony at all has been taken.

*Decided January 7th, 1908.*

Appeal from the Circuit Court of Baltimore City (ELLIOTT, J.)

The case was argued before BRISCOE, PEARCE, SCHMUCKER and BURKE, JJ.

*Edward S. Kines* and *John W. Patterson*, for the appellant.

*E. J. W. Revell* and *W. Ashbie Hawkins* (with whom was *G. W. F. McMechen* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

The question presented by this appeal is a simple one, and may be disposed of in a few words.   The record shows that on the 13th of February, 1907, the appellants filed a bill in the Circuit Court of Baltimore City praying for the cancellation of a deed mentioned in the bill, and for an injunction. Subsequently, by leave of the Court, an amended bill was filed.   An answer to the amended bill was filed by the defendants in which all the equities of the bill were denied.   On the first day of March, 1907, upon petition of the plaintiffs, leave was granted to the parties to the cause to take testimony before anyone of the standing examiners of the Court. No evidence was taken, and on the 11th day of April, 1907, the Court, upon the petition of the defendants, laid a rule upon the plaintiffs to close the taking of their testimony on or before the 2nd day of May, 1907.   A copy of this order was served upon the solicitors for the plaintiffs within the time limited therein.   The record states that in accordance with the first equity rule of the Court the case was placed upon the trial calendar, but a copy of this rule does not appear in the record.   Notice that the case had been placed upon the trial calendar, and would stand for hearing on bill, answer, exhibits and motion to dissolve the injunction when reached in due course on the calendar was served upon counsel for the plaintiffs on the 30th day of April, 1907.   The plaintiffs failed to comply with the order of the 2nd day of May, 1907, as to the closing of their testimony, and the Court on the 29th of May, 1907, passed a decree dissolving the injunction and dismissing the bill.   From this decree the plaintiffs appealed.

The sole ground upon which they rely for a reversal of the decree is that it was passed in contravention of *section 241, Article 16, Code 1904*.   It is provided by that section that evidence taken and returned shall be opened by the clerk, and shall remain in Court ten days, subject to exceptions, be-

fore the cause shall be taken up for hearing, unless by agreement of the parties such time shall be waived; but after the expiration of that time the cause shall stand for hearing, unless some sufficient cause be shown to the contrary. The section does not apply to interlocutory applications. It is perfectly obvious that this section has no application to this case. It contemplates a case where evidence has been taken and returned; not one where no evidence has been taken, or where, as in this case a party is in default. So far as the record shows no testimony was taken by the plaintiffs, and no testimony which they might have taken after the 2nd day of May, 1907, could be read in evidence at the hearing, unless the Court in its discretion had extended the time for closing the testimony.

If the above quoted section of the Code could be invoked, under the circumstances of this case to prevent action by the Court, no cause could be disposed of, unless by consent of parties. Any party could purposely refuse to take his testimony, and the Court would, under the contention of the appellants, be utterly powerless to dispose of the case. The plaintiffs had ample time to take their testimony, and having failed to do so within the time directed by the order of May 2nd, 1907, the Court had full power to pass the decree from which this appeal is taken. Notice was given the plaintiffs of the orders passed by the Court as to the taking of testimony and the placing of the case upon the trial calendar. But they made no application for further time to take their testimony, or for a postponement of the hearing, and we find nothing in the case to relieve them from the consequences of their clear default.

*Decree affirmed with costs.*